# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL THOMAS                                                                                                       PLAINTIFF

v.                                                                 CIVIL ACTION NO. 3:11-CV-P136-H

BRENDA BROWN et al.                                                      DEFENDANTS

## MEMORANDUM OPINION and ORDER

Plaintiff, Michael Thomas, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## I. SUMMARY OF CLAIMS

Plaintiff sues in their official capacities Nurse Brenda Brown and Jailer Louis Lawson, both employees at Hardin County Detention Center. He alleges that in May 2010 he was playing basketball while wearing broken sandals. He states that he fell and heard his ankle "pop" and another inmate fell on it. Plaintiff states that he could barely walk and his foot swelled and that therefore a guard took him to "medical." He states that at "medical" he was given an ice pack and had x-rays taken. He states that two or three days went by and Defendant Brown told him that his ankle was "just fractured" and that three or four days after that they took him to the doctor. According to Plaintiff, the doctor took an x-ray and told Plaintiff that his ankle was broken and required a pin. Plaintiff states that he was returned to the jail where a couple more weeks passed while he complained that his ankle hurt and Defendant Brown would not give him the medications that the doctor had prescribed but told him to put ice bags on his ankle.

Plaintiff next asserts:

> I couldn't walk then I go back to the Dr. He said again I need to
> do surgery and I went back to jail and then Brenda started giving
> my prescriptions that Dr. Craig gave me so I keep on asking when

> am I getting my surgery. I go back to the Dr. Jackie Hall Deputey
> takes me and the Dr. jumpes all over say why was my ankle not
> fixed. It is all ready started to heal and it will never be right agine
> now so lets do it imediately. So the Jail took me back a few days
> later and they put 2 pins in my ankle. Brenda could have got[ten]
> my ankle fixed sooner and gave me my meds to start with. Now
> my ankle will never heal right. I had no crutches or anything.

As relief, Plaintiff wants monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff sues Defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against employees of the Hardin County Detention Center in their official capacities are actually brought against the Hardin County

2

government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of

3

the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege that a policy of the Hardin County Detention Center caused the alleged constitutional violations. Consequently, he has failed to state a claim against Defendants in their official capacities.

### III. CONCLUSION and ORDER

For the foregoing reasons, the Court **DISMISSES** the official-capacity claims. However, because Plaintiff alleges a claim of sufficiently serious nature regarding his lack of treatment, the Court will allow Plaintiff to amend his complaint to name Defendants in their individual capacities. *See Berndt v. State of Tenn.*, 796 F.2d 879, 882-83 (6th Cir. 1986). **Plaintiff has 30 days to file an amended complaint against Defendants in their individual capacities**. Should Plaintiff fail to do so, the Court **will dismiss the instant action**.

Date:

cc: Plaintiff, *pro se*
  Defendants
  Hardin County Attorney
4412.009